1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

| | |
|---|---|
| DAVID W. HAMMOND, | ) |
|         Plaintiff, | ) No. CV-10-00096-CI |
| | ) |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, | ) AND DENYING PLAINTIFF'S |
| Commissioner of Social | ) MOTION FOR SUMMARY JUDGMENT |
| Security, | ) |
| | ) |
|         Defendant. | ) |
| | ) |
| | ) |

14

15

16

17

18

19

20

21

22

        BEFORE THE COURT are cross-Motions for Summary Judgment (ECF
No. 13, 16.) Attorney Rebecca M. Coufal represents Plaintiff;
Special Assistant United States Attorney L. Jamala Edwards
represents Defendant.  The parties have consented to proceed before
a magistrate judge. (ECF No. 6.) After reviewing the administrative
record and briefs filed by the parties, the court **GRANTS** Defendant's
Motion for Summary Judgment and **DENIES** Plaintiff's Motion for
Summary Judgment.

23

                              **JURISDICTION**

24

25

26

27

28

        Plaintiff David D. Hammond (Plaintiff) protectively filed for
disability insurance benefits (DIB) and security income (SSI) on
September 23, 2005.  (Tr. 92.) In both cases, Plaintiff alleged an
onset date of November 19, 2002.  (Tr. 91.)  Benefits were denied
initially on February 6, 2006, and on reconsideration on May 10,

1  2006.   (Tr. 45, 339.)   Plaintiff requested a hearing before an

2  administrative law judge (ALJ), which was held before ALJ Paul

3  Gaughen on November 20, 2007.   (Tr. 476-515.)   Plaintiff was

4  represented by counsel and testified at the hearing. (Tr. 482-514.)

5  At a supplemental hearing on May 22, 2008, medical expert Ronald M.

6  Klein, M.D. and vocational expert K. Dennis Kramer testified.  (Tr.

7  520-42; 552-60.)  ALJ Paul Gaughen denied benefits.  (Tr. 353-67.)

8  The Appeals Council granted review and remanded for additional

9  findings.  (Tr. 375-77.)

10      A second hearing was held before ALJ Gaughen on August 27,

11  2009.   (Tr. 563-618.)   Appearing and testifying at the second

12  hearing were Plaintiff, medical expert Margaret R. Moore, Ph.D., and

13  vocational expert Fred Cutler. (Tr. 596-603; 574-96; 603-612.)  The

14  ALJ again denied benefits and the Appeals Council denied review.

15  (Tr. 12-28; 4-7.) The instant matter is before this court pursuant

16  to 42 U.S.C. § 405(g).

17                          **STATEMENT OF FACTS**

18      The facts of the case are set forth in the administrative

19  hearing transcripts and record and will, therefore, only be

20  summarized here.

21      At the time of the first hearing, Plaintiff was 31 years old.

22  (Tr. 482.) He has a 10th grade education, and obtained a GED. (Tr.

23  132.) He is a single father, with two young boys, ages 4 and 5, one

24  of whom has disabilities resulting from hydrocephalus. (Tr. 15; 491;

25  495.) Plaintiff's past work includes production supervisor for a CD

26  duplication company, customer service jobs with an insurance

27  company, technical support for an exercise equipment company,

28  janitorial work, carpenter's assistant, night stocker at a grocery

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1  store, pizza delivery man, and for a brief time he built pallets at

2  a refrigeration company. (Tr. 504-506; 513.)

3      Plaintiff testified that he is the full-time caregiver for the

4  children in the home, and he cooks, does housekeeping, takes the bus

5  or walks to the grocery store, and  feeds and cares for the

6  children.  (Tr. 465; 495-99.)

7      Plaintiff states he cannot work because he has severe pain in

8  his back, legs and knees, and he suffers from depression, anxiety

9  and panic attacks.  (Tr. 131; 405A.)

10  **STANDARD OF REVIEW**

11      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001),

12  the court set out the standard of review:

13      A district court's order upholding the Commissioner's
        denial of benefits is reviewed de novo. *Harman v. Apfel*,
14      211 F.3d 1172, 1174 (9th Cir.2000). The decision of the
        Commissioner may be reversed only if it is not supported
15      by substantial evidence or if it is based on legal error.
        *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).
16      Substantial evidence is defined as being more than a mere
        scintilla, but less than a preponderance. *Id*. at 1098. Put
17      another way, substantial evidence is such relevant
        evidence as a reasonable mind might accept as adequate to
18      support a conclusion. *Richardson v. Perales*, 402 U.S. 389,
        401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). If the evidence
19      is susceptible to more than one rational interpretation,
        the court may not substitute its judgment for that of the
20      Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v.
        Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th
21      Cir.1999).

22      The ALJ is responsible for determining credibility,
        resolving conflicts in medical testimony, and resolving
23      ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
        Cir.1995). The ALJ's determinations of law are reviewed de
24      novo, although deference is owed to a reasonable
        construction of the applicable statutes. *McNatt v. Apfel*,
25      201 F.3d 1084, 1087 (9th Cir.2000).

26  **SEQUENTIAL EVALUATION PROCESS**

27      Also in *Edlund*, 253 F.3d at 1156–1157, the court set out the

28  requirements necessary to establish disability:

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999). This requires the presentation of "complete and detailed objective medical reports of h[ is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1 either disability or non-disability, the finding of the Commissioner

2 is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–1230 (9th Cir.

3 1987).

**SEQUENTIAL PROCESS**

5      The Social Security Act (the "Act") defines "disability" as the

6 "inability to engage in any substantial gainful activity by reason

7 of any medically determinable physical or mental impairment which

8 can be expected to result in death or which has lasted or can be

9 expected to last for a continuous period of not less than 12

10 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also

11 provides that a Plaintiff shall be determined to be under a

12 disability only if his impairments are of such severity that

13 Plaintiff is not only unable to do his previous work but cannot,

14 considering Plaintiff's age, education and work experiences, engage

15 in any other substantial gainful work which exists in the national

16 economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the

17 definition of disability consists of both medical and vocational

18 components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

19 2001).

20      The Commissioner has established a five-step sequential

21 evaluation process for determining whether a claimant is disabled.

22 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is

23 engaged in substantial gainful activities. If the claimant is

24 engaged in substantial gainful activities, benefits are denied. 20

25 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

26      If the claimant is not engaged in substantial gainful

27 activities, the decision maker proceeds to step two and determines

28 whether the claimant has a medically severe impairment or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1  combination of impairments.    20 C.F.R. §§ 404.1520(a)(4)(ii),

2  416.920(a)(4)(ii).    If the claimant does not have a severe

3  impairment or combination of impairments, the disability claim is

4  denied.

5      If the impairment is severe, the evaluation proceeds to the

6  third step, which compares the claimant's impairment with a number

7  of listed impairments acknowledged by the Commissioner to be so

8  severe as to preclude substantial gainful activity.   20 C.F.R. §§

9  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P,

10 App. 1.    If the impairment meets or equals one of the listed

11 impairments, the claimant is conclusively presumed to be disabled.

12     If the impairment is not one conclusively presumed to be

13 disabling, the evaluation proceeds to the fourth step, which

14 determines whether the impairment prevents the claimant from

15 performing work he or she has performed in the past.   If plaintiff

16 is able to perform his or her previous work, the claimant is not

17 disabled.   20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).   At

18 this step, the claimant's residual functional capacity ("RFC")

19 assessment is considered.

20     If the claimant cannot perform this work, the fifth and final

21 step in the process determines whether the claimant is able to

22 perform other work in the national economy in view of his or her

23 residual functional capacity and age, education and past work

24 experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen*

25 *v. Yuckert*, 482 U.S. 137 (1987).

26     The initial burden of proof rests upon the claimant to

27 establish a *prima facie* case of entitlement to disability benefits.

28 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

1  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

2  met once the claimant establishes that a physical or mental

3  impairment prevents him from engaging in his or her previous

4  occupation.  The burden then shifts, at step five, to the

5  Commissioner to show that (1) the claimant can perform other

6  substantial gainful activity, and (2) a "significant number of jobs

7  exist in the national economy" which the claimant can perform.  *Kail*

8  *v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

9                              **ALJ'S FINDINGS**

10      At step one of the sequential evaluation process, the ALJ found

11  Plaintiff has not engaged in substantial gainful activity since

12  November 19, 2002, the application date.  (Tr. 14.)  At step two, he

13  found Plaintiff has the following severe impairments: scoliosis of

14  C6 through T2, dysthymia, generalized anxiety disorder, pain

15  disorder, and personality disorder.  (Tr. 14.)  At step three, the

16  ALJ found Plaintiff does not have an impairment or combination of

17  impairments that meets or medically equals one of the listed

18  impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23.)  The

19  ALJ then determined:

20      [C]laimant has the residual functional capacity to perform
        light work as defined in 20 CFR 404.1567(b) and
21      416.967(b).  He can sit 1 hour at a time and stand and
        walk up to 5 hours in an 8-hour workday with short breaks
22      to relieve back spasms.  He can lift and carry 25 pounds
        occasionally and 15 pounds repeatedly. He can climb 2
23      flights of stairs 3-4 times and bend occasionally. He
        responds slowly to significant changes in the work setting
24      and to normal work stressors, such as meeting production
        quotas.  Pain behaviors exhibited in the work environment
25      from time to time (weekly) may distract others. He cannot
        do higher level social interaction activities, but he is
26      capable of handling perfunctory routine social
        interactions.

27

28  (Tr. 24.)


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

1    At step four, the ALJ found Plaintiff is unable to perform any
2  past relevant work.   (Tr. 27.)   After taking into account
3  Plaintiff's age, education, work experience, residual functional
4  capacity and the testimony of a vocational expert, the ALJ concluded
5  jobs, such as appointment clerk, information clerk or scheduling
6  clerk, exist in significant numbers in the national economy that the
7  claimant can perform.   (Tr. 27-28.)   Thus, the ALJ concluded
8  Plaintiff has not been under a disability as defined in the Social
9  Security Act since November 19, 2002, the date the application was
10 filed.   (Tr. 28.)

**ISSUES**

12    The question is whether the ALJ's decision is supported by
13 substantial evidence and is free of legal error.   Specifically,
14 Plaintiff argues the ALJ improperly dismissed the opinions of "the
15 three psychologists, and consultative medical sources all [] who
16 diagnosed Hammond with a somatoform/pain disorder."[1]   (ECF No. 14 at
17 14-16.)

18    Additionally, Plaintiff argues that the hypothetical failed to

19  _____

20    [1] Plaintiff argues that the ALJ erred by giving greater weight
21 to the medical examiners, "the first of whom arguably provided
22 legally erroneous testimony...."   (ECF No. 14 at 16.) This is an
23 apparent reference to Dr. Klein's opinion offered in the first
24 proceeding that personality disorders are disabling only in "extreme
25 conditions" (Tr. 540), which provided the basis for the ALJ's first
26 decision finding no disability.  Because Dr. Klein's testimony is
27 mentioned nowhere and therefore is not a basis for the ALJ's second
28 decision, this contention is not addressed.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

1 include all of his nonexertional limitations. (ECF No. 14 at 17-18.)

2 Defendant argues the ALJ properly considered the opinion evidence,

3 determined Plaintiff's residual functional capacity, and determined

4 Plaintiff is not disabled.  (ECF No. 17 at 5-12.)

5                              **DISCUSSION**

6 **A.    Psychological Opinions.**

7        **1.    Pain/Somatoform Disorder**

8        Plaintiff raises the argument that the ALJ improperly dismissed

9 the opinions of three psychologists who diagnosed Plaintiff with a

10 somatoform/pain disorder. As the Commissioner correctly points out,

11 Plaintiff failed to adequately brief this issue with specificity.

12 The court is unable to consider matters that are not "specifically

13 and distinctly argued" in a party's brief.    *Carmickle v.*

14 *Commissioner, Soc. Security Admin.*, 533 F.3d 1155, 1161 n.2 (9th

15 Cir. 2008); *Paladin Associates, Inc. v. Montana Power Co.,* 328 F.3d

16 1145, 1164 (9th Cir. 2003).

17        In addition, the court notes on *de novo* review of the record

18 that the ALJ fully considered the reports of the three psychologists

19 and adopted the diagnoses of "pain disorder."    (Tr. 14.)    For

20 example, Dr. Mabee completed a consultative psychological assessment

21 on December 7, 2005, and concluded that Plaintiff had better than

22 average intellectual abilities, with mild recall difficulties,

23 likely due to anxiety symptoms.    (Tr. 134.)    But, consistent with

24 the ALJ's findings, Dr. Mabee found that Plaintiff could perform

25 work tasks which require routine problem solving, he can concentrate

26 for brief periods, work at a consistent self-pace, and complete

27 simple, as well as complex task demands.    (Tr. 135.)    The ALJ

28 adopted Dr. Mabee's opinion that Plaintiff's limitations included

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1  limited abilities to analyze complex directions and to frequently

2  interact with others.  (Tr. 135.)

3      After a second examination in June, 2009, Dr. Mabee's diagnosis

4  included a pain disorder.  Dr. Mabee also concluded that Plaintiff's

5  greatest limits would come from situations that involved complex

6  directions and instructions while maintaining a sustained effort and

7  pace and frequent interactions with others.  (Tr. 409.)   The ALJ

8  specifically used Dr. Mabee's observations in the hypothetical, when

9  he asked the VE to assume Plaintiff:

10         [W]ill respond slowly to significant changes in the work
           setting  and  also  responds  slowly  and  sometimes
11         inappropriately to normal work stressors such as meeting
           production  quotas.   He  may  distract  other  workers  in
12         production  or  retail  environments  from  time  to  time,
           reason, exhibiting pain behavior.  . . .   Assume it's
13         going to happen weekly.

14  (Tr. 605-06.)  Because the ALJ used Dr. Mabee's noted limitations in

15  the hypothetical, Plaintiff's contention fails.

16      Similarly, Pamela S. Ridgeway, Ph.D., examined Plaintiff in

17  June 2006 and found he had, in part, a pain disorder Associated with

18  Psychological  Factors.  (Tr.  468-69.)  Dr.  Ridgway  opined  that

19  Plaintiff's cognitive abilities revealed no weaknesses that would

20  hinder his ability to perform adequately in a work environment.  The

21  doctor also concluded that a review of medical records revealed his

22  symptoms appear to be "in excess of the medical findings, and his

23  presentation is strongly suggestive of a somatoform disorder." (Tr.

24  469.)

25      The ALJ's findings do not reject Dr. Ridgway's findings.

26  Instead, the ALJ agreed with Dr. Ridgeway's general finding that

27  Plaintiff's  impairments  can  likely  be  contributed  to  his

28  characterological issues:   "[h]is primary problems appear to be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

related to personality and social problems . . . ." (Tr. 26.) Dr. Ridgway's findings were adopted by the ALJ in crafting the RFC.

Finally, Christine R. Guzzardo, Ph.D., evaluated Plaintiff and her diagnosis concluded he had, in part, a Pain Disorder Associated with Psychological Factors. (Tr. 331.) Dr. Guzzardo noted Plaintiff's history of reporting physical symptoms that are inconsistent with medical evaluation, that his physical complaints appeared excessive and he failed to recognize the psychological component to his pain, and he instead chose to medicate. The ALJ acknowledged Dr. Guzzardo's opinion regarding Plaintiff's use of prescription medications and the ALJ's conclusion is consistent with the doctor's opinion. (Tr. 26.)

The RFC reflects the psychological component of Plaintiff's impairment, but the ALJ concluded that Plaintiff complaints about the severity of his pain were not entirely credible. The ALJ's credibility determination is not challenged by Plaintiff, is supported by the record, and the reasons for discounting Plaintiff's credibility are "clear and convincing."[2] *Lingenfelter v. Astrue*,

---

[2] The ALJ found that Plaintiff's statements about the limiting effects of his symptoms were not credible. (Tr. 25.) Where the ALJ finds the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601–02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter*, 504

1  504 F.3d 1028, 1038–39 (9th Cir. 2007).

2      **2.   The GAF.**

3      Plaintiff also asserts that because three psychologists

4  assigned him a GAF rating under 60, this moderate rating would

5  "usually, particularly considering the combination of the diagnoses,

6  render a claimant disabled." (ECF No. 14 at 16.) Plaintiff provides

7  no authority for this assertion.   The Global Assessment of

8  Functioning (GAF) scale is a common tool for tracking and evaluating

9  the overall psychological functioning of a patient.   A score of

10  51-60 indicates "moderate symptoms (e.g., flat affect and

11  circumstantial speech, occasional panic attacks) OR moderate

12  difficulty in social, occupational, or school functioning (e.g., no

13  friends, unable to keep a job)."   *DSM-IV*, at 32.

14      The Commissioner has explicitly disavowed any use of the GAF

15

---

16  F.3d at 1038–39; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.

17  2001).   The ALJ "must specifically identify the testimony she or he

18  finds not to be credible and must explain what evidence undermines

19  the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

20  2001) (citation omitted).   In this case, the ALJ listed a number of

21  appropriate considerations in making the credibility determination.

22  (Tr. 25-26.)   For example, the ALJ cited the evidence that Plaintiff

23  was able to consistently care for multiple children, at least one of

24  whom was disabled, perform all household tasks and he made

25  inconsistent assertions to his medical providers. (Tr. 25-26.)   The

26  ALJ's findings related to credibility constitute "clear and

27  convincing" reasons that are amply supported by substantial evidence

28  in the record.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

scores as an indicator of disability.   In August 2000, the
Commissioner, in discussing comments to the current mental disorder
evaluation regulations, stated that "[t]he GAF scale . . . does not
have a direct correlation to the severity requirements in our mental
disorder listings."   See 65 Fed. Reg. 50746-01, 50765 (August 21,
2000).   While a GAF score thus may be "of considerable help" to the
ALJ, for example, in assessing a claimant's residual functional
capacity, "it is not essential" to the accuracy of that assessment.
*Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th
Cir. 2002).   The "failure to reference the GAF score" in assessing
a claimant's residual functional capacity in itself, therefore, does
not make the residual functional capacity assessment inaccurate.
*Id.*

Accordingly, to the extent there was any error here in the
ALJ's failure to mention the GAF score, such error was harmless. See
*Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055
(9th Cir. 2006) (error harmless where non-prejudicial to claimant or
irrelevant to ALJ's ultimate disability conclusion).

**B.   The Hypothetical**

Plaintiff complains that the hypothetical posed to the
vocational expert was improper because it failed to include all the
nonexertional limitations outlined by Plaintiff's doctors, and
specifically, the limitations "even as noted by Dr. Moore."   (ECF
No. 14 at 17.)   Plaintiff fails to properly identify and argue the
issue.

A hypothetical posed to a vocational expert must set forth all
of the limitations and restrictions of a claimant. *Embrey v. Bowen*,
849 F.2d 418, 422 (9th Cir.1988).   For the testimony of a vocational

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1 expert to be reliable, the hypothetical posed must include all of

2 the claimant's functional limitations, both physical and mental.

3 *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). A

4 hypothetical which does not contain all of the limitations the ALJ

5 found credible and supported by the record is defective.   See

6 *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

7     Although the hypothetical may be based on evidence that is

8 disputed, the assumptions in the hypothetical must be supported by

9 the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)

10 (citing *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

11     It appears from the passage cited by Plaintiff this issue is

12 based upon the VE's speculation that if the moderate limitations

13 were to increase or become exacerbated, Plaintiff might not be able

14 to work:

15     I mean, the two moderate limitations of significance, the
      ability to maintain attention and concentration and the
16    ability to complete a normal workday, if those rise to
      where it's interfering with his job performance two, three
17    times per month, that would be, you know, probably not
      acceptable.
18

19 (Tr. 611.)

20     The problem with Plaintiff's reliance upon this statement is

21 two-fold: (1) the VE's conclusion is premised upon facts that are

22 not in the record – the difficulties were assessed as moderate, and

23 no evidence exists that the limitations will "rise"; and (2) the

24 VE's conclusion is purely speculative and not based upon any medical

25 evidence or opinion contained within the record.   The isolated

26 opinion by the VE is not based upon substantial evidence and, thus,

27 the ALJ was free to reject the opinion.   The ALJ need only include

28 impairments in a hypothetical posed to a VE that are supported by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

1  substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d

2  1157, 1164 (9th Cir. 2001).  Plaintiff's argument is not supported

3  by the record and the ALJ did not err in constructing the

4  hypothetical to the vocational expert.

5      In this case, the ALJ's hypothetical included the physical

6  limitations as found by Dr. Jekyll.  The hypothetical also included

7  specific nonexertional limitations related to Plaintiff's

8  psychological impairments, including his likely difficulties with

9  complex directions and social interactions with the general public.

10 The Plaintiff's vague argument that the ALJ erred by neglecting to

11 include all his limitations in the hypothetical fails.

12                           **CONCLUSION**

13     Having reviewed the record and the ALJ's findings, this court

14 concludes the ALJ's decision is supported by substantial evidence

15 and is not based on error.  Accordingly,

16     **IT IS ORDERED:**

17     1.  Defendant's Motion for Summary Judgment **(ECF No. 16)** is

18 **GRANTED.**

19     2.  Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is

20 **DENIED.**

21     The District Court Executive is directed to file this Order and

22 provide a copy to counsel for Plaintiff and Defendant.  Judgment

23 shall be entered for Defendant and the file shall be **CLOSED**.

24     DATED June 30, 2011.

25                 S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE
26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15